Thomas Singleton, plaintiff in error, *v.* Lucinda Wofford, administratrix, &c., defendant in error.

                    *Error to Alexander.*

Where the *jurat* to an affidavit for a writ of attachment showed that the affidavit was sworn to before "Henry L. Webb," and the writ of attachment was tested and signed by "Henry L. Webb, clerk of the Alexander Circuit Court:" *Held,* that the Court would presume that the affidavit was sworn to before the clerk.

An attachment bond, which is literally in the form prescribed by the statute, is valid, although it does not state in what Court the proceedings are had.

(1) R. L. 376; Gale's Stat. 393.
(2) Wilson *v.* Greathouse, 1 Scam. 174; Townsend *v.* Griggs, 2 Scam. 365.

Singleton *v.* Wofford.

Where a plaintiff in an attachment dies, his administrator, or administratrix, upon suggesting his death, cannot be made plaintiff in his stead, and immediately proceed to judgment against the defendant. The statute requires, in such a case, that a *scire facias* should be issued against the defendant, giving notice of the intention of the administrator, or administratrix, to become plaintiff in stead of the deceased; and that a notice thereof should be published for four weeks, in some newspaper; and where the appearance of the administrator, or administratrix, is entered during a term of the Court, without such notice, the cause should be continued, and a *scire facias* issued, returnable to the succeeding term, and publication thereof made.

THE proceedings in this cause, in the Court below, were had before the Hon. Walter B. Scates. The condition of the attachment bond, mentioned in the opinion of the Court, was as follows : " The condition of this obligation is such, that whereas, the above bounden William Wofford, hath, on the day of the date hereof, prayed an attachment, at the suit of William Wofford, against the estate of the above named Henry Singleton, for the sum of fifty-five dollars and fifty-six cents, and the same being about to be sued out, returnable on the 2d day of November next, to the term of the Court then to be holden. Now if the said William Wofford shall prosecute his suit with effect, or in case of failure therein, shall well and truly pay and satisfy the said Henry Singleton, all such costs in said suit, and such damages as shall be awarded against the said William Wofford, his heirs, executors, or administrators, in any suit or suits that may hereafter be brought, for wrongfully suing out the said attachment, then the above obligation to be void ; otherwise, to remain in full force and effect."

J. SHIELDS and J. C. CONKLING, for the plaintiff in error, cited R. L. 91, § 22, 82, § 1 ; 2 Scam. 16, 17.

JOHN DOUGHERTY, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

This was a proceeding by *attachment*, instituted in the Alexander Circuit Court, by William Wofford, against Henry Singleton, as a nonresident debtor. Service of the attachment was made by a levy on the property of the defendant, and by the summoning of a garnishee. Due notice of the pendency of the suit was given by publication. The defendant never appeared to the action.

At the November term, 1841, the death of the plaintiff was suggested, and Lucinda Wofford, his administratrix, was made plaintiff in his stead ; and during the same term, no *scire facias* having been issued, a judgment by default was rendered against Singleton for $57.77, and a special writ of *fieri facias* ordered, for the sale of the property attached.

To reverse this judgment, Singleton brings the record to this Court, and assigns for error,

*First.* The affidavit on which the attachment issued was not sworn to before an officer authorized to take it ;

*Second.* The condition of the attachment bond is defective;

*Third.* The Court erred in rendering a judgment previous to the issuance and return of a *scire facias.*

The *jurat* to the affidavit is in these words: "Sworn and subscribed before me, this 14th Sept., 1840.

"HENRY L. WEBB."

By reference to the record, it appears that the writ of attachment issued on the same day, is tested in the name of, and signed by Henry L. Webb, as clerk of the Alexander Circuit Court. The Court will presume that the affidavit was sworn to before the same officer; and as the clerk is by law, in such cases, authorized to take affidavits, the affidavit in this case was properly made.

The second error has no foundation in fact. The bond set out in the record seems to be a literal compliance with the form prescribed by the seventh section of the attachment act. (1)

The third error is well taken. The twenty-second section of the attachment act (2) provides, that where the plaintiff in the attachment shall die during the pendency of the suit, and the cause of action survives to his executor, or administrator, the suit shall not abate; but the death being suggested on the record, his executor, or administrator shall, within three months after obtaining letters testamentary, or of administration, sue out of the clerk's office a *scire facias*, returnable to the next term of the Court, giving notice of his intention to become a party to the suit, in the place of his testator, or intestate, which shall be published for four weeks successively in some newspaper, previous to the commencement of the term; and proof thereof being exhibited to the Court, the executor, or administrator may be made plaintiff, and proceed with the cause. In this case, there was no compliance with this provision of the statute by the administratrix, and she was, consequently, not entitled to judgment. The cause should have been continued, and a *scire facias* issued, returnable to the succeeding term, and publication thereof made. For this error, the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*